# SUPREME COURT

OF THE

## STATE OF ARKANSAS,

AT THE

## MAY TERM, 1889.

---

### RANA v. STATE.

INTOXICATING LIQUORS: *Presumption as to ownership: Burden of proof.*
  On the trial of an indictment for selling intoxicating liquors without a license,
    where the State proves a sale made by the defendant, it will be presumed
    in the absence of proof to the contrary, that he was the owner of the
    liquor sold; and if he made such sale as the agent of a licensed dealer,
    that is a matter of defence and the burden is upon him to establish it.

APPEAL from *Logan* Circuit Court.

J. S. LITTLE, Judge.

This appeal is from a conviction for selling intoxicating
liquor without a license. The only evidence given to the
jury was that of a witness (John Edmonds), who testified that
at a dance he asked the defendant if he, the witness, could
get any whiskey to drink. The defendant replied that he had
no whiskey himself but thought he could get the witness some,
and told the latter what it would cost. The defendant then
went off and after being gone sometime, brought the witness

Vol. LI.—31

a half pint of whiskey, for which the witness paid him a few days afterwards. Sec. 4511, Manst. Dig., provides that, "any person who shall sell, either for himself or another, or be interested in the sale of, any ardent, vinous, malt or fermented liquors, * * * * * * without the owner or owners thereof shall have previously procured a license authorizing the same, shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined," etc.

The court instructed the jury, in effect as follows: (1.) That if they found that defendant made a sale of whiskey to the witness Edmonds, or aided or abetted another person to make such sale, they should convict; (2.) That if they found that some person unknown, was engaged in selling whiskey unlawfully and that fact being known to defendant, he at the request of the witness Edmonds, went to such person and made a purchase of whiskey for said Edmonds and delivered the whiskey to him and received the money therefor from him, they should convict; (3.) That the sale of whiskey in Logan county was unlawful.

The defendant excepted to the 2nd and 3rd instructions.

*J. H. Evans* and *Lewers & Humphrey*, for appellant.

1. There was no evidence to show that defendant sold or was interested in the sale of the liquor, for himself or as agent for another. Sec. 4511, Mansf. Dig. It must appear that he was the owner or agent of the seller.

2. If he acted as agent of the buyer he is not guilty. 45 Ark., 361.

3. There was no proof that it was against the law to sell liquor in Logan county.

*W. E. Atkinson*, Attorney General, for appellee.

If defendant sold as agent of a licensed dealer, it was matter of defence, and he should have shown it. 37 Ark., 96;

39 Id., 210; 17 N. H., 83. The presumption is that the seller is the owner of the liquor. *Supra.* See, also 25 Oh. St., 383; 45 Ark., 366.

Courts take judicial notice of the public records of a county. It was a matter of general notoriety and of public record, that no liquor could be lawfully sold in Logan county. 1 Greenl. Ev., sec. 6; 1 Whart. Ev., sec. 338.

Appellant was liable as an aider and abettor. 83 Ill., 431.

PER CURIAM.

The presumption is that the defendant was the owner of the liquor sold. *State v. Devers*, 38 Ark., 517.

There was no proof that he sold as the agent of a licensed dealer. But this was a matter of defence and the burden was upon the accused. The jury could not rightfully have returned any other verdict upon the evidence. The instructions could not have prejudiced the accused.

Affirmed.