STATE OF NORTH DAKOTA, Respondent, v. FERDINAND EGGL, Appellant.

(206 N. W. 784.)

**Criminal law — admission of evidence as to sale, contradicted by accused's witness, held not error; instruction as to what jury could consider in passing on credibility of witnesses held not error.**

    1. Certain assignments of error predicated on the admission of evidence, and instructions given to the jury are examined, and, for reasons stated in the opinion, held not well founded.

**Supreme court — give judgment without regard to technical errors or defects.**

    2. On an appeal in a criminal case it is the duty of the supreme court to give judgment without regard to technical errors or defects or exceptions which do not affect the substantial rights of the parties.

**Criminal law — party predicating error on attorney's argument to jury Must present record affirmatively showing that objectionable language was used.**

    3. A party predicating error on an attorney's argument to the jury must present a record affirmatively showing that objectionable language was used.

Opinion filed November 28, 1925. Rehearing denied January 4, 1926.

Appeal and Error, 4 C. J. § 3014 p. 1032 n. 36. Criminal Law, 17 C. J. § 3462 p. 170 n. 12; § 3668 p. 327 n. 96; § 3751 p. 368 n. 5.

Appeal from the District Court of Towner County, *Buttz,* J,

The defendant, Ferdinand Eggl, was convicted of the crime of engaging in the liquor traffic and appeals from the judgment of conviction and from an order denying his motion for a new trial.

Affirmed.

*Cuthbert & Adamson,* for appellant.

The defendant cannot be compelled to testify and no inference to his detriment can be drawn from his failure to go upon the stand. State v. Allen, 107 N. C. 805.

Guilt of an offense charged cannot be predicated upon testimony of guilt of an unrelated offense of which the party does not stand charged at the trial. People v. Converse (Mich.) 121 N. W. 476.

The reason why other offenses under different circumstances may not be shown is because it is not competent to show that defendant is a violator of the law generally. Century Dig. §§ 822–824.

*Chas. H. Houska,* State's Attorney and *George F. Shafer,* Attorney General, for respondent.

If a sale is properly alleged, it is not necessary to add an averment of the delivery of the liquor. People v. Steinhaner, 248 Ill. 46, 93 N. E. 299.

The purchaser of liquor which is sold in violation of law, although he knows the sale to be illegal, cannot be held guilty of any offense on the ground of his soliciting or tempting the seller to violate the law or on the ground of his having aided and abetted the crime to the mere extent of buying the liquor. State v. Provencher, 135 Minn. 214, 160 N. W. 673.

That a purchaser is not particeps criminis nor does the fact that he is in pursuit of evidence against persons selling contrary to the provisions of the statute, make him an accomplice. State v. Boden, 37 Minn. 212, 34 N. W. 24.

CHRISTIANSON, Ch. J. The defendant was convicted of the crime of engaging in the liquor traffic, and appeals from the judgment of conviction, and from the order denying his motion for a new trial.

The crime of engaging in the liquor traffic is defined thus: "Any person who shall within this state, manufacture, sell, barter, transport, import, export, deliver, furnish or possess any intoxicating liquor, shall

be guilty of the crime of engaging in the liquor traffic." Laws 1923, chap. 268, § 1B.

The information in this case charges that the defendant committed the crime of engaging in the liquor traffic in the following manner: that on or about September 4th, 1924, in the county of Towner, North Dakota, the said defendant did then and there wilfully and unlawfully sell intoxicating liquors as a beverage to one P. B. Simonson.

The first assignments of error are predicated on rulings in the admission of evidence, and the instructions of the court, relating to sales of intoxicating liquor at a time some five days prior to the date charged in the information.

The defendant is a farmer residing on his farm in Towner County. The complaining witness is a farm laborer who was employed, during the fall of 1924, by a neighbor of the defendant. The complaining witness testified that on Sunday, August 31st, 1924, he accompanied his employer to defendant's home; that while there he spent some time in a bunkhouse with certain employees of the defendant; that at this time he saw these men drink intoxicating liquor in the bunkhouse; that he and the other men present chipped in money and some one was sent to the defendant's dwelling house, a short distance away, to procure liquor and that such person brought back intoxicating liquor which the men drank in the bunkhouse. There was no objection, whatever, to this evidence when it was first offered, but later all the testimony which had been given relating to the drinking of intoxicating liquor in the bunkhouse was stricken out upon motion of defendant's counsel on the ground that it had not been shown that the defendant was present at the time. After such motion had been made and granted further evidence was adduced to the effect that the complaining witness and others present in the bunkhouse, chipped in money for the purpose of purchasing intoxicating liquor; that such liquor was obtained from the defendant's dwelling house and that he knew that it was procured from the defendant. No objection was made to any of the evidence on the ground that it was inadmissible because it related to an offense other than that charged in the information. No motion was made to strike any of the evidence and at the close of all the evidence no motion was made to compel the state to elect whether it would rely for a conviction upon the alleged sale of liquor on August 31st, 1924, or upon the

alleged sale of September 4th. The complaining witness further testified that on September 4, 1924, he went to the defendant's home and purchased a certain bottle of intoxicating liquor from him. This bottle was identified and offered and admitted as an exhibit upon the trial. The complaining witness testified that he and the defendant were the only persons present at the time of the sale of intoxicating liquor on September 4, 1924. The defendant did not testify and no evidence, whatever, was introduced which in any manner contradicted the testimony of the complaining witness as to the transaction of September 4th. The defendant, however, did place upon the witness stand the employer of the complaining witness and such employer testified that on August 31st, 1924, he was in the bunkhouse on the premises of the defendant at the time referred to in the testimony of the complaining witness and that at this time he did not see any one drink any intoxicating liquor or any men chip in money for the purpose of buying liquor. In other words, so far as the transaction of August 31st, 1924, was concerned, the employer of the complaining witness flatly contradicted the testimony of the latter, and this was the only incident on which the defendant offered any testimony tending to contradict the testimony of the complaining witness. Hence, the record presented to us for review shows that defendant's counsel refrained from objecting to any of the testimony adduced relating to the alleged transaction on August 31st, 1924, on the ground that it related to an offense other than that charged in the information, and that practically all of the testimony was admitted without any objection, whatever. And the defendant produced and placed upon the stand the employer of the complaining witness as a witness in behalf of the defendant to contradict the testimony of the complaining witness as to the alleged incident of August 31st. And this incident, as already stated, is in fact the only one as to which the defendant saw fit to contradict the testimony of the complaining witness at all. Hence, so far as the record presented on this appeal is concerned, the defendant was unquestionably in a more favorable position by virtue of the testimony which was so admitted as he was thereby afforded an opportunity to squarely contradict the testimony of the complaining witness and to that extent impeach him and discredit his testimony. And leaving wholly on one side all question as to whether such evidence would have been admissible

in the face of a proper objection thereto, the record in this case does not disclose that any error was committed by the trial court in ruling on any objection presented to the evidence. And when the point was reached when the trial court must give its instructions to the jury it was confronted with the situation that there was evidence in the record which had been admitted and remained in the case,—evidence which had been given by the complaining witness and which had been specifically contradicted by the principal witness for the defendant. And so the trial court, in dealing with this situation, specifically instructed the jury that the evidence which had been admitted as to what occurred on August 31st, 1924, could not be made the basis of a verdict of guilty; that the defendant was not on trial for this act and that this evidence should be considered by the jury only as bearing upon the probability whether the defendant sold the bottle of liquor in evidence to the complaining witness on September 4th, 1924. And considered in the light of the record we are of the opinion that this instruction was not prejudicial to the defendant.

Error is also assigned upon the following instruction:

"You are the sole judges of the weight of the evidence and the credibility of the witnesses. And in passing upon those matters you are at liberty to take into consideration the appearance of any witness upon the witness stand as that witness testified before you, the manner in which he gave his testimony, his fairness or lack of fairness, his prejudice or lack of prejudice for or against any other witness who may have testified in this lawsuit or for or against either of the parties to this lawsuit in so far as any such matter may appear in the testimony or in the giving of the testimony."

It is contended that this instruction is erroneous for the reason that it permits the jury, in passing upon the credibility of witnesses, to take into consideration the bias of a witness for or against any other witness who testified in the case. No authority has been cited in support of the contention that such instruction is erroneous, and the argument advanced does not convince us that the contention is well taken. It is the peculiar and exclusive province of the jury to decide upon the credibility of witnesses. And in making their decision they are at liberty to consider every relevant fact in any manner developed during the trial of the cause. 25 R. C. L. p. 658; 5 Jones, Ev. pp. 409–415.

They may take into consideration the mental condition of the witness as manifested by him on the witness stand,—his "bias, or prejudice, if any, the probability or improbability of the story related by them, and any and all other facts and circumstances in evidence which in their judgment would add to or detract from their credibility or the weight of their testimony." 1 Brickwood's Sackett Instructions, § 328. We find it unnecessary, however, to determine whether the instruction is or is not abstractly correct. The giving of an inaccurate instruction is no ground for reversal, unless prejudice results therefrom. 4 C. J. 1032. And it has not been pointed out wherein the defendant in this case could have been prejudiced by the instruction given, even though it was inaccurate as to the particular phrase assailed. The statute which afforded to the defendant the right of review in this court makes it our duty to "give judgment without regard to technical errors or defects or exceptions which do not affect the substantial rights of the parties." Comp. Laws 1913, § 11,013. In our opinion the defendant could not possibly have been prejudiced by the instruction complained of.

Error is also assigned upon the alleged misconduct of the state's attorney in his argument to the jury. The sole basis of this assignment is the following objection interposed by defendant's counsel: "The defendant objects to the remarks of the state's attorney to the jury particularly that portion where he states that no one has disputed the state's case." It is contended that the argument so objected to, in effect, constituted comment by the state's attorney upon the fact that the defendant had not testified. It is difficult to see how the statement attributed to the state's attorney could have had the effect claimed; but the record does not disclose that the statement was made. No part of the state's attorneys' argument is embodied in the record,—either in the statement of case or by affidavit. Hence, we have no means of knowing what language the state's attorney used. We have no means of knowing whether he said anything actually or even faintly resembling what the objection states that he said. In other words, we are confronted with a situation where the record on appeal does not support the assignment made. The rule is well settled that where an assignment of error is predicated upon alleged misconduct of counsel in argument to the jury a record must be presented showing affirmatively the

language used. Erickson v. Wiper, 33 N. D. 193, 157 N. W. 592; State v. Mozinski, 49 N. D. 228, 191 N. W. 347. In this case the assignment of error for alleged misconduct must fail for want of a record to support it.

This disposes of errors assigned and argued. The record fails to show that anything was said or done which in any manner deprived the defendant of a fair trial. The case was fairly submitted to the jury and the issues of fact were determined against the defendant; and upon the record before us here that determination is binding on this court.

The judgment and order appealed from are affirmed.

NUESSLE, BIRDZELL, BURKE, and JOHNSON, JJ., concur.