STATE OF NORTH DAKOTA, Respondent, v. PHILIP MOETON, Appellant.

(225 N. W. 318.)

Opinion filed May 3, 1929.

*G. W. Twiford,* for appellant.
*Philip R. Bangs,* State's Attorney, for respondent.

NUESSLE, J. This appeal is from a judgment of conviction on a charge of grand larceny. The defendant claims a reversal on account of alleged errors in the trial court's charge to the jury. No other grounds for the appeal are assigned.

The matters essential to a determination of the issues raised may be stated as follows: The complaining witness is a jeweler and pawnbroker in the city of Grand Forks. On February 27, 1928, someone broke into his shop and stole six diamond rings. He immediately noti-

fied the police and they at once took steps to apprehend the thief. They notified the authorities of the adjoining cities and shortly thereafter the defendant was arrested in Duluth, Minnesota, charged with the offense. On the trial, among other things, it appeared that a day or two after the theft the defendant left a diamond ring with one Olson, a secondhand dealer, in Bemidji, Minnesota. Olson was a witness at the trial and produced this ring. He identified it as the one which the defendant had left with him. The defendant, called as a witness on his own behalf, admitted that he had left a ring with Olson but said that he could not tell whether it was the one produced in court by Olson. The state also produced five other diamond rings and offered evidence tending to show that they too had been in the defendant's possession. The complaining witness swore that these six rings were the rings which had been stolen from him, and for the theft of which the defendant was being prosecuted. There were no particular identification marks on the rings but the complaining witness testified that he knew them, had prepared the stones for setting and had them set, and was positive in his identification. The defendant just as positively swore that he had not stolen the rings. He also denied that any ring, excepting that left by him with Olson, had ever been in his possession. He said this ring had been given to him by a friend who asked him to raise some money on it.

In his instructions to the jury the trial court, among other things, charged:

"There is evidence here showing that the defendant had possession of at least one ring making up this property set forth in this information. I think he admitted having possession of one, the one he turned over to the secondhand dealer, and then you heard the evidence on the question of the other, as to that, it is for you. But I will say to you, that it is a rule of the law of evidence that the possession of property recently stolen and in possession of the defendant shortly after it was stolen, unless it is satisfactorily explained, is a circumstance tending to show the guilt of the defendant, and the jury has a right to consider that evidence in connection with all of the other evidence offered and received here in court to determine the guilt or innocence of the defendant."

The defendant challenges the propriety of this instruction. He in-

sists that by his plea of not guilty he put in issue every matter material to the charge against him and thus put upon the state the burden of establishing those matters by competent evidence to the satisfaction of the jury beyond a reasonable doubt; that the question as to whether or not the ring which Olson had was left with him by the defendant was a question for the jury to pass upon, and that if the jury should find it was, then whether or not it was one of the stolen rings was likewise a question which could be determined only by the jury; that the judge usurped the functions of the jury when he charged that the defendant had the possession of at least one of the rings described in the information; that this instruction was in effect a direction to the jury that the defendant had one of the stolen rings in his possession; that accordingly the defendant was prejudiced by the instruction.

We think there is substance to the defendant's contentions. Whether the defendant had had possession of the ring was material and important in the case. Likewise the identity of the ring was vital. Unless the state established that the rings which it produced were those which were stolen, it had no case. Unless it established that the defendant had these rings in his possession it had no case. Under our statutes the court in charging the jury shall only instruct as to the law of the case. Comp. Laws 1913, § 10,822. And all questions of fact are for and must be determined by the jury. Comp. Laws 1913, § 10,863. The instruction complained of was in effect a direction to the jury that the ring produced by Olson was the one left with him by the defendant. This instruction was likewise a direction that this ring was one of those charged by the information to have been stolen from the complaining witness. So the instruction was clearly erroneous. See Territory v. O'Hare, 1 N. D. 30, 44 N. W. 1003; State v. Barry, 11 N. D. 428, 92 N. W. 809; State v. Peltier, 21 N. D. 188, 129 N. W. 451; State v. Barnes, 29 N. D. 164, 150 N. W. 557, Ann. Cas. 1917C, 762; Konda v. United States, 22 L.R.A.(N.S.) 304, 92 C. C. A. 75, 166 Fed. 91. But the State insists that even though there was error in the giving of this instruction it was error without prejudice; that the defendant was palpably guilty and therefore the conviction must be affirmed. Of course if this error was without prejudice to the defendant the State is right in its position, for this court on appeal "must give judgment without regard to technical errors or defects or exceptions which do not

194

affect the substantial rights of the parties." Comp. Laws 1913, § 11,013; State v. Eggl, 53 N. D. 520, 206 N. W. 784. But was the error here complained of without prejudice? The defendant was entitled to have the jury pass upon the credibility of the witnesses, weigh the evidence, and determine every issue of fact in the case. It was his right—and surely a substantial right—to have a jury trial; and when a portion of the issues were determined by the trial court, this right was to that extent defeated. No matter though the trial court justly believed the defendant was guilty, he could not direct the jury to return a verdict against him,—nor could he have set aside a verdict in defendant's favor had the jury returned such a one. See authorities last above cited. The conviction must therefore be reversed.

Various other portions of the charge are excepted to and error is predicated upon such portions. However, in view of the fact that there must be a new trial and as the other instructions complained of doubtless will not be given again, it will serve no useful purpose to consider them in this opinion.

Judgment reversed and a new trial ordered.

BUKE, Ch. J., and BURR, BIRDZELL, and CHRISTIANSON, JJ., concur.