[File No. Cr. 111.]

STATE OF NORTH DAKOTA, Respondent, v. ARTHUR STERN, Appellant.

(254 N. W. 765.)

Opinion filed April 24, 1934.   Rehearing denied May 23, 1934.

*Bangs, Hamilton & Bangs,* for appellant.

*P. O. Salhre,* Attorney General, and *Roy A. Ployhar,* State's Attorney, for respondent.

BURKE, J.   On the 13th day of June, 1933, at about nine o'clock P. M. the sheriff of Barnes county, together with two deputies and two Federal prohibition investigators, searched the Globe Pool Hall, operated by the defendant in the city of Valley City, Barnes county, North Dakota.   A bottle of alcohol, exhibit "B" was found in the pocket of an old coat in the basement and one bottle of alcohol, exhibit "A" was found in an abandoned cooler back in one corner of the basement among a lot of other junk.   On the first floor there was found and seized 110 cases of beer, one of the bottles was marked exhibit "C" and a box containing some of the beer was marked exhibit "D."   For four or five weeks prior to the search the defendant had had beer on hand and had sold it openly.   As an ultimate fact appellant states that at the time in question he had in his possession at said place of business 110 cases of beer, which he had for the purpose of selling to the trade and said beer was within the alcohol content provided by the Federal Act and in his statement of the case appellant states that the beer contained 3.4% alcohol by weight or 3.8% by volume.   The jury, after being out for some time, returned to court and the following proceedings were had:

"The Court:   Gentlemen of the Jury, I understand you want some further instructions, is that correct?

"The Foreman:   Yes, sir.

"The Court:   On what point?

"The Foreman:   We have not come to any conclusion.   We have taken three or four ballots, but there is nothing conclusive about it yet.   The instructions seem to be conflicting in different items here. For example, here is described alcohol, brandy, beer, and so forth, and there is no question about beer being intoxicating according to the information we have here.   From the evidence we have the defendant admits that he had possession of this beer and sold it.   When he confesses that it doesn't seem like there is any question for the jury to decide.   He has already admitted that he sold it and had it in his

possession. For that reason we do not see any reason why we should say the man is guilty, because he said so himself. The last paragraph here says that we should render "such a verdict as in your honest judgment will mete out justice between the state and the defendant." Well, if we are going to render a verdict according to the law of the state, it is no such thing as our deciding, because the plaintiff has admitted it. Then what we want to know is, should we render a verdict according to our own opinion, whether to charge him with this or turn him loose, not a matter of law. That is what we want to understand.

"The Court: It is your duty as jurors to render a verdict according to the law as given you in these instructions, and according to the testimony, not in accordance with your opinion as to justice. The defendant has entered a plea in this case of not guilty. That is his plea, —entered a plea of not guilty. Now, under that plea it must be determined by a jury, that is, a jury must bring in a verdict. The fact that he has admitted that he sold beer does not do away with the necessity of a jury returning a verdict. As long as the defendant does not plead guilty, but stands trial under a plea of not guilty, then a jury must bring in a verdict. That is the law. Now, do you understand me? Is this matter clear now?

"The Foreman: Yes, but yet again it seems under the evidence here that he admits that he had this stuff and sold it, and had possession of it. That is already admitted. If we render a verdict of guilty, we are simply confirming his own statement. If we do anything different, we contradict the instructions of the court.

"The Court: Well, I can only answer that as I have already answered it, that under our form of practice as long as he stands trial on a plea of not guilty, it is the duty of the jury to find a verdict.

"The Foreman: Then the question comes up here, he denied having possession or ownership of the alcohol, and certain evidence was brought in here for us to consider whether he owned that alcohol or not, which we will decide in the jury room. But regarding the beer there was no such question. He admitted it. Can we render separate returns?

"The Court: No.

"The Foreman: All of them go together?

"The Court: All of them go together. You can only return one of two verdicts, either a verdict of guilty or a verdict of not guilty.

"The Foreman: Then are we bound by the law and the instructions here to return a verdict according to the instructions, or according to our own judgment?

"The Court: You have to return a verdict according to the instructions and the testimony.

"The Foreman: Well, that is the point. We came to the conclusion out there that we were told to do this, and at the same time we were told not to do it.

"The Court: Well—

"The Foreman: The evidence is here; he plead guilty to it. If we do anything different we are contradicting our instructions.

"The Court: Well, as I have already stated,—I do not know as I can make it any plainer,—when any person stands trial on a plea of not guilty, he is entitled to a jury trial, and it is for the jury to bring in a verdict, whether he admits the guilt or not. That is the practice we have in this state, and in other states. You understand, the defendant entered a plea of not guilty, and as long as that plea stands, then his guilt must be determined by the verdict of the jury. There is no other way of determining it.

"The Foreman: You might instruct us on this point, while we are here. If the Jury make—supposing there was a verdict of not guilty, we are deliberately going contrary to the instructions, as the instructions are now. We have no choice. According to the instructions we have no choice if we do anything but return a verdict of guilty.

"The Court: Well, that is a matter that is left entirely with the jury. I cannot express any opinion on that. I am not allowed to express any. All I can say is that it is your duty, under your oaths as jurors, to return a verdict according to the testimony and the instructions I have given you; and the fact that the defendant admits certain things here, as long as he has stood trial under a plea of not guilty, then it is for the jury to return a verdict. That is the only way we can determine it. Have I made myself plain now in this matter?

"The Foreman: Yes.

"The Court: You may retire in charge of the bailiff."

The jury after further consideration returned a verdict of guilty as charged in the information, of the crime of engaging in the liquor traffic. It also signed and returned a special verdict: "We, the jury, after due deliberation find that the defendant is, not guilty of possession of exhibit B— Not Guilty of possession of exhibit A— Guilty of possession of C & D Beer as admitted by defendant. The jury recommend leniency." From the judgment entered on the verdict the defendant appeals.

Specifications 1, 2, 3, 4, 6, 7, 8, 13, 14 and 15 all relate to an attempt on the part of the appellant to show that other persons were selling beer in Valley City and in other places in the state of North Dakota with the knowledge of the prohibition enforcement officers, and because others were thus allowed to sell beer it was legal for the defendant to sell it. There is, of course, no merit to this contention. It was against the law for anyone to sell beer in North Dakota at that time and there was no error in sustaining objections to that class of testimony.

Specifications 5, 9, 10 and 17 relate to the testimony of the finding of the alcohol, exhibits "A" and "B," and its admission in evidence. The alcohol was found in the place of business and whether it belonged to the defendant was a question for the jury and since the jury found that this alcohol was not in the possession of the defendant, the testimony in relation to it could not possibly be prejudicial.

Specifications 11 and 12 relate to the questions evidently intended to lay a foundation for impeachment as follows: "Q. Isn't it true, Mr. Stern, that Clarence Eggert was your right hand man in the sale of alcohol?" and the following objection was made by defendant's attorney: "That is objected to as incompetent, irrelevant, and immaterial, no time or place being fixed and inadmissible under the pleadings in this case . . ." to which the court said: "I think you have to fix the time and place." The State's Attorney then asked this question: "I will say within the last six months in Valley City. A. No, sir." There was no objection to the question as amended.

Specification 16 relates to an instruction of the court on the possession of intoxicating liquors as follows: "All that is necessary to constitute possession of intoxicating liquor, under the laws of this state,

is that the liquor was kept in a place where the defendant had it knowingly, and where he had dominion or control over it. The law presumes that a person has possession and control of the things contained in the building or room which he occupies. The possession of this liquor must have been known to the defendant, and not accidental, because if someone comes along and places alcohol in your building, or in your place of business, and you have no knowledge or information about the liquor being there, you would not be guilty of any crime." Appellant does not specify wherein there is error in this instruction and it was as favorable to the defendant as he was entitled to.

Section 10,145B3, Supp. to the Compiled Laws, 1913, creating the crime of engaging in the liquor traffic, makes the possession of intoxicating liquors a violation of the statute. Section 10,145B12 provides "It shall not be unlawful to possess liquor acquired prior to February 1st, 1920, in one's private dwelling while the same is occupied and used by him as his dwelling only, provided such liquors are for use only for the personal consumption of the owner thereof and his family residing in such dwelling; and the burden of proof shall be upon the possessor in any action concerning the same to prove that such liquor was lawfully acquired, possessed and used."

Even in such case the burden is on the possessor to prove that he had the liquor before February 1st, 1920, that he kept it in his private dwelling while it was occupied and used by him as a dwelling only and that the liquors were for use only for the personal consumption of the owner thereof and his family residing in such dwelling. If such burden is placed upon the possessor who is lawfully in possession and who used the liquor for a lawful purpose it certainly applies to the possessor of intoxicating liquor who does not claim that he acquired possession before February 1st, 1920. Possession of intoxicating liquor in this state is a violation of law, unless it is acquired prior to February 1st, 1920. State v. Severin, 58 N. D. 792, 228 N. W. 199. Proof of the finding of intoxicating liquor in the possession of the accused shall be received and acted upon by the court or judge as presumptive evidence that such liquor was kept for sale. State v. Lynch, 62 N. D. 450, 243 N. W. 814. It is presumed that things which a person possesses are owned by him. Comp. Laws 1913, subd. 11, § 7936. "A person is presumed to be the owner of liquor found in his possession,

or consigned to him with his knowledge; and is presumed to have knowledge of liquor found in his possession," 33 C. J. 744; Pappenburg v. State, 10 Ala. App. 224, 65 So. 418; State v. Fulman, 7 Penn. (Del.) 123, 74 A. 1; Rash v. State, 13 Ala. App. 262, 69 So. 239; Rana v. State, 51 Ark. 481, 11 S. W. 692; Fisher v. State, 55 Fla. 17, 46 So. 422; Goode v. State, 50 Fla. 45, 39 So. 461; Jackson v. Gordon, 119 Miss. 325, 80 So. 785.

Neither is there merit in specification 18 which relates to the instruction of the court to the jury when the jury came in for further instructions as follows: "The Foreman: Then the question comes up here, he denied having possession or ownership of the alcohol, and certain evidence was brought in here for us to consider whether he owned that alcohol or not, which we will decide in the jury room. But regarding the beer there was not such question. He admitted it. Can we render separate returns? The Court: No. The Foreman: All of them go together? The Court: All of them go together. You can only return one of two verdicts, either a verdict of guilty or a verdict of not guilty."

It is clear from the statement of the foreman of the jury to the court that the jury understood clearly the position of the defendant. He candidly admitted not only that he had possession of the 110 cases of beer but that he had it for sale to the trade and had been selling it for five or six weeks. His candid statement to the jury doubtless had considerable weight with the jury in believing his statement that the alcohol did not belong to him. When the jury came in for further instructions the court was very careful not to invade the province of the jury. It repeated several times that it was a matter entirely for the jury, that it must arrive at a verdict and it must be either guilty or not guilty and the foreman repeated several times that the defendant had admitted his guilt and his statement "From the evidence we have the defendant admits that he had possession of this beer and sold it. When he confesses that it doesn't seem like there is any question for the jury to decide." The jurors understood from the admissions of the defendant, and the instructions of the court that if they did their duty they had no choice in the matter but were obliged to find the defendant guilty on his own testimony.

The case relied upon the defendant, Hill v. State, (—Okl. Crim.

Rep. —,) 4 P. (2d) 703 says: "When defendant took the witness stand in his own behalf and admitted that he was in possession of and was the owner of the still, and that he had concealed it on his place, he made out a case for the state. The whole record shows the guilt of the defendant and there was no miscarriage of justice."

The recommendation of leniency by the jury was addressed to the discretion of the trial judge. The sentence was not excessive under the statute and we cannot say that there was an abuse of discretion.

The judgment is affirmed.

BURR, Ch. J., and NUESSLE, CHRISTIANSON and MOELLRING, JJ., concur.