[File No. Cr. 131.]

STATE OF NORTH DAKOTA, Respondent, v. BETSEY NEDT-VEDT, Appellant.

(268 N. W. 397.)

Opinion filed June 13, 1936.

*A. R. Bergesen,* State's Attorney, and *Ralph F. Croal,* Assistant State's Attorney, for respondent.

*Eli A. Weslon,* for appellant.

MORRIS, J. The defendant was convicted of the crime of engaging in the liquor traffic as a second offense, it being specifically charged in the information that she "did wilfully, unlawfully and feloniously have in her possession intoxicating liquor; . . ." She appeals from an order denying a motion for a new trial.

The record discloses that on August 31, 1934 officers of the sheriff's office of Cass county, and the police department of the city of Fargo, under authority of a search warrant, entered and searched the living quarters of the defendant, consisting of a downstairs apartment of three or four rooms. The officers entered through a rear door directly into the kitchen where they found the defendant canning fruit. The search disclosed two bottles in a man's winter overcoat hanging on a hook on the wall in a room adjoining the kitchen. One bottle was partly filled with whiskey, and the other partly filled with alcohol. These two bottles and their contents constitute all the liquor found on the premises.

The defendant testified that the coat in which the liquor was found was left hanging on the wall by her brother sometime· during the preceding June, and that she knew nothing of the presence of the liquor. A suit and a raincoat belonging to the brother and a summer dress belonging to the defendant hung on the wall beside the coat. The brother had not been on the premises since June.

The defendant contends upon this appeal, that the evidence is insufficient to sustain the verdict, that the presence of the liquor is but a circumstance which does not exclude every reasonable hypothesis of innocence, and that as a matter of law the state has failed to establish such guilt beyond a reasonable doubt.

The state contends that the defendant is presumed to have knowledge of the liquor found in her apartment and in her possession, and that it was for the jury to weigh this presumption against the defendant's denial of such knowledge.

In State v. Schuck, 51 N. D. 875, 201 N. W. 342, it was held, that where intoxicating liquor is found in the possession of the defendant who denies knowledge thereof, that a question of fact arises to be decided by the jury, and that the jury might infer knowledge from the physical fact of possession.

In State v. Stern, 64 N. D. 593, 254 N. W. 765, ¶ 3 of the syllabus, this court has said, "A person is presumed to be the owner of intoxicating liquor found in his possession and is presumed to have knowledge of liquor found in his possession and there was no error in instructing the jury that the law presumes that a person has possession or control of the things contained in the building or room which he occupies."

In State v. Arrigoni, 119 Wash. 358, 205 P. 7, 27 A.L.R. 210, it was said, "The liquor was found in a house in which the appellant had possession and over which he had control, and the presumption naturally and legally arises that he had possession and control of the things contained therein. The presumption is of course rebuttable, and undoubtedly was rebutted if the account given of the presence of the liquor in the house is to be taken as true. But, manifestly, it was for the jury, not the court, to say whether or not the account was true."

In the case before us the liquor was found in a room which was a part of the private living quarters of the defendant. In order for her to be guilty of unlawfully having liquor in her possession, she must have been conscious of such possession. The one question here presented insofar as the sufficiency of the evidence is concerned, is whether or not the defendant had knowledge that the liquor was in the coat. The coat hung on the wall for approximately two months prior to the search. As was said in State v. Shuck, supra, "it may be inferred that a man knows the contents of his own home; and if he knows, he is ordinarily, as a matter of law, deemed to be in possession thereof." This inference is, of course, rebuttable. The defendant attempted to rebut it by her testimony. Her credibility was impeached by proof of a prior conviction for the crime of engaging in the liquor traffic. The jury did not believe her testimony. This court will not say that as a matter of law the jury should have believed her testimony. The evidence is sufficient to sustain the verdict.

In cross-examining the defendant concerning the prior offense, the assistant state's attorney inquired, "and that particular offense was the possession of four gallon cans of alcohol, was it not?" The objection of defendant's counsel on the ground that the question was improper cross-examination, was sustained. The question was then withdrawn and no attempt was made to further pursue that line of cross-examination. The defendant contends that the reference to the quantity of liquor involved in the former conviction was prejudicial to the defendant. Upon this point we are satisfied that the record discloses no prejudicial error.

The defendant further contends that she was prejudiced by the argument of the assistant state's attorney in which he referred to her as a "bootlegger." Such reference was, no doubt, improper; but the court upon objection of defendant's counsel, cautioned the jury to disregard the reference to the defendant as a "bootlegger." Any possibility that this remark might have prejudiced the defendant with the jury was removed by the timely caution of the court.

Affirmed.

BURKE, Ch. J., and NUESSLE, J., concur.

BURR, J. (dissenting). The defendant was convicted of engaging in the liquor traffic as a second offense. She was sentenced to a term in the penitentiary and appeals.

The only specification of error necessary to consider is the insufficiency of the evidence to sustain the verdict.

The defendant lived alone in a four-room apartment in Fargo. At 1 P. M. of August 31, 1934 her home was visited by two police officers and two deputy sheriffs, armed with a search warrant. When they arrived they found the defendant in her kitchen, busily engaged in canning fruit, and talking with the man whom she afterwards married —at least the record indicates it is the same man. The officers served the search warrant, told her of their mission, and made a thorough and complete search of her house. One of the deputies testified that while searching a closet off the bedroom he found in the pockets of a man's heavy winter overcoat a pint bottle "containing a liquid that looked like whiskey, partly full" and a half-pint bottle of alcohol. He

is the only one who found anything. In a vague sort of way the record indicates that the "liquid that looked like whiskey" was whiskey. In this closet there was a man's suit of clothes and some garments belonging to a woman. The only direct facts which the State has to sustain a conviction are that this liquor was found in her home and that in May 1933 she had been convicted of engaging in the liquor traffic; but nothing to show this offense was in the same place, or in her home wherever she lived.

Defendant says she did not know such liquor was in the overcoat pocket; that during that summer her brother had visited her from time to time, and in June of that year he left his overcoat there, together with a suit of clothes for her to clean; that this clothing was hung in the closet, she had not examined it, and did not know what it contained. There was no specific denial of this evidence.

The state says that because liquor was found in her home there is a presumption she possessed it, and because of this presumption and her previous conviction the jury had the right to disbelieve her testimony entirely.

The jury disbelieved her entirely, except as to her admission of previous conviction. But eliminating her explanation, there is no attempt to prove knowledge or ownership. The case for the state rests upon a presumption of possession, but which is not proved for possession implies knowledge.

There is nothing wherein the defendant and the police officers contradict one another, even to the remotest degree. They do not impeach her. The defendant does not deny the officer found liquor in the overcoat pocket, and the state does not say the defendant owned the property. The officers did not ask her if it was hers, and when they exhibited it to her she told them she did not know anything about it.

But the testimony of the defendant does dispute whatever presumptions arise from the fact liquor was found in her home. In order to sustain the conviction it must be assumed that the plaintiff knew the liquor was there and that she owned it or had such control over it so it can be said it was in her possession. To say the law presumes that which a person possesses is owned by him, that he is presumed to be the owner of liquor found in his possession, and that proof of the finding of intoxicating liquors in the possession of the accused shall be re-

ceived and acted upon as presumption of evidence, all presuppose *possession*.

For "possession" of intoxicating liquor in a prosecution for such offense, "There must be two elements: First, the mental attitude of the claimant, the intent to possess, to appropriate to oneself; and second, the effective realization of this attitude." State v. Colson, 134 Kan. 147, 4 P. (2d) 414. It means actual control over and management of the liquor. State v. West, 226 Mo. App. 1149, 49 S. W. (2d) 274, 275. Such control, however, implies knowledge. Keifner v. Com. 225 Ky. 163, 7 S. W. (2d) 1066, 1067.

If the defendant did not own the liquor, did not know it was in any of her rooms, then it was not in her possession. *Finding* liquor in the place is not sufficient to sustain the presumption. Physical presence alone is not possession. Ignorance of its presence dispels the presumption, and there is no proof whatever intimating the defendant had any knowledge there was liquor in her brother's overcoat.

It is true that in Shell v. State, 184 Ark. 248, 42 S. W. (2d) 19, a conviction of possessing intoxicating liquor for sale as a beverage, as a second offense, was sustained where the officers found ten gallons of liquor at the front porch of defendant's home, together with proof of a previous conviction for a similar offense; but there the "previous offense" was in the same place, a man was seen coming from the place at ten o'clock at night, and "there was no explanation or suggestion that the liquor was kept for any other purpose, . . ." The court held that the previous conviction for a similar offense in the same place, the presence of others at that time of night, the finding of the liquor at his front porch, and the absence of explanation or suggestion were "sufficient to submit the question to the jury, as to whether he possessed the liquor for sale." But here there was no attempt to prove people frequented her place; that she and her friend were using liquor, had any on the table, or were drinking liquid of any kind. No suspicious circumstances whatever are linked with the case.

The State cites the case of State v. Stern, 64 N. D. 593, 254 N. W. 765; but there is no real analogy here. There the defendant had hundreds of cases of beer in his possession and admitted it. There was a small quantity of alcohol found in the pocket of an old coat and a small quantity of alcohol found in an abandoned cooler; but the

jury expressly found the defendant did not know of these, though found in his place of business at a time he was actually engaged in the sale of intoxicating liquors. The case cited is of no value in the present controversy.

What tangible evidence is there upon which the jury could say beyond a reasonable doubt the defendant had the possession of this liquor? Mere suspicion is not enough. The officer was not even asked if he put it there. Any one could have slipped it in that overcoat pocket without her knowledge. The explanation of the defendant is so clear, consistent, and reasonable that it seems to me no one can say she was found guilty beyond a reasonable doubt.

I believe a new trial should be granted on the ground that the evidence is insufficient to justify the verdict. I am authorized to state Judge CHRISTIANSON joins in this dissent.