William Sullivan *v.* State of Mississippi.

[46 South., 248.]

1. Criminal Law and Procedure. *Homicide. Murder. Instruction. Harmless error. Assassination. Alibi.*

In a murder case where the deceased was shot from ambush and the defense was an *alibi*, an instruction for the state, authorizing a conviction upon a finding from the evidence, beyond every reasonable doubt arising therefrom, that the defendant wilfully, deliberately and of his malice aforethought shot and killed the deceased, does not constitute reversible error, although it omits the qualifying words "unlawfully" and "feloniously."

2. Same. *Error cured. Defendant's instructions.*

The harmless error of the instruction in this case, if erroneous at all, was cured by instructions given for the defendant requiring the jury to acquit, unless they found that the killing was both "unlawful" and "felonious."

From the circuit court of Lincoln county.

Hon. Moyse H. Wilkinson, Judge.

Sullivan, appellant, was indicted, tried and convicted for the murder of one Pickering, sentenced to the penitentiary for life and appealed to the supreme court.

The deceased was killed while in a buggy with his brother, driving along the highway at night. He was shot from ambush, and instantaneously killed. There was ample proof on the part of the state to show *prima facie* that appellant was the guilty

party.   In defense appellant sought to prove an *alibi*.   On appeal the principal assignment of errors was predicated of the court's action in granting the instruction asked by the state, set forth in the opinion of the court.

*A. C. & J. W. McNair,* for appellant.

Every indictment charging murder must contain every essential of the crime, or it will be bad on demurrer.   Likewise, when, on the trial of a defendant for murder, the court attempts to charge the jury, every element necessary to constitute the crime must be embodied in the charge.

The instruction for the state is fatally defective in that it charges the jury to convict, if they believe beyond a reasonable doubt that the defendant willfully and deliberately and of malice aforethought killed deceased, and fails to add the two very important and necessary elements of unlawfullness and feloniousness.   For, unless a homicide is unlawfully and feloniously committed, no matter how deliberately it may be carried out, the act is not murder.   *Johnson* v. *State,* 89 Miss., 777, 42 South. 606.

*Clem V. Ratcliff,* on the same side.

The instruction for the state is manifestly erroneous.   One may willfully and deliberately kill another, and be warranted in law in so doing.

*George Butler,* assistant attorney-general, for appellee.

As the only issue in this case was whether the appellant shot the deceased from ambush, and under the circumstances the killing of deceased by whomsoever committed was an atrocious assassination, it must follow that the instruction for the state was not erroneous.   The issue was not as to how appellant killed deceased, or what motives caused him to kill him, but whether or not appellant did the shooting.

But even if the instruction were erroneous, the error was cured by the court's action in granting full and ample instructions for the defendant.

Calhoon, J., delivered the opinion of the court.

The court gave only one intruction for the state, to-wit:

"The court instructs the jury for the state that, if they believe from the evidence in this case beyond a reasonable doubt that the defendant willfully, deliberately, and with malice afore-thought shot and killed Hardy Pickering, he is guilty as charged in the indictment."

It is objected that this is defective because it leaves out the words, "unlawfully and feloniously." We think there is nothing in this objection, the shooting being from ambush. All instructions must be based on the facts, and in this case the only question was whether the defendant shot Pickering from ambush on the roadside. If he did so, and the jury believed he did, he is manifestly guilty of murder, and if, under the facts, the court had charged merely that if Sullivan shot Pickering, the instruction would perhaps have been valid for the reason that, if he shot and did the killing, it was plainly murder and nothing else. But, if we could be mistaken in our ruling on the point made, the defendant below himself cured any error of that sort by asking, and the trial court gave them, twenty instructions elaborately prepared by very skillful counsel, in the very first one of which the court charged that the jury could not convict unless satisfied beyond all reasonable doubt "that the defendant willfully, unlawfully, feloniously, and of his malice aforethought killed and murdered the deceased."

The other points made, we think, on the record as presented, require no notice.

*Affirmed.*