## J. L. MOYSE ET AL. *v.* R. T. HOWIE ET AL.

### [53 South. 402.]

1. TRUST. *Trustee. Finding of chancellor.*

   A decree on controverted facts is analogous to the verdict of a jury and will not be reversed on appeal unless manifestly wrong.

2. TRUST. *Trustees. Conveyance.*

   Where a corporation conveyed its property to a trustee without fraud, for the benefit of all parties interested in said corporation, and the trustee conveyed the property to a third party without authority so to do, and said third party sold the same and received the proceeds; the third party was trustee in his own wrong and is liable to account for the price received.

APPEAL from the chancery court of Pike county.
HON. J. H. HICKS, Chancellor.

Suit by R. J. Howie et al. against J. L. Moyse et al. From a decree for complainants, defendants appeal.

The facts are stated in the opinion of the court.

*W. A. Parsons,* for appellant, filed an elaborate brief quoting the following authorities: *Alexander, Trustee, v. Searcy,* 81 Ga. 536; *Stewart v. Eastern & Western Transportation Co. et al.,* 17 Minn. 399; *Central Trust Co. v. Columbus, etc. R. R. Co.,* 87 Fed. Rep. 824; *Hinds, etc. Counties v. Railroad Co.,* 85 Miss. 629; Thompson on Corporation, 2d Ed., vol. 2, par. 1981; 10 Cyc., p., 1156; *Campbell v. Bright,* 87 Miss. 443; *Miazza v. Yerger,* 53 Miss. 135; *Clearman v. Cotton,* 66 Miss. 467; *Ragsdale v. Ragsdale,* 68 Miss. 98; *Moore v. Crump,* 84 Miss. 620.

*E. H. Ratlieff & Jeff Truly,* for appellants, discuss the facts in the case and cite the following authorities: Bump on Fraudulent Conveyances, 3d Ed., § 1, ch. 16,

p. 443; see also Clark on Contracts, § 497; *Wooten* v.
*Miller,* 7th S. & M. 386; *Wooten* v. *Hopkins,* 85 Miss.
171; *Walton* v. *Tuston,* 49 Miss. 569; *Shaw* v. *Milsaps,.*
50 Miss. 380; *Day* v. *Davis,* 64 Miss. 253; *Wyatt* v.
*Wyatt,* 81 Miss. 219; *Williamson v. Williamson,* 81 Miss..
503; *Kirkpatrick* v. *Clark,* 8 L. R. A. 511; *Bouton* v..
*Beers,* 78 Conn. 414; *Gillum* v. *Kirksey* (Ky.), 93 S. W.
591; *Delier* v. *Caprio* (Conn.), 64 A. 340; *Long* v. *De-
posit Bank,* 90 S. W. 961; *Davis* v. *Davis,* 98 S. W. 198;.
*Springfield Homestead Assn.* v. *Roll,* 31 A. S. R. 358;.
*Brady* v. *Huber,* 90 A. S. R. 161; *Poppe* v. *Poppe,* 68 A.
S. R. 503; *Ten Eyck* v. *Pontiac Railroad Co.,* 74 Mich..
226; *Tanner* v. *Lindell Railroad,* 180 Mo. 1; *Manufac-
turers Savings Bank* v. *Big Muddy Iron Company,* 10·
S. W. 865; *Chattanooga Railroad Co.* v. *Evans,* 66 Fed..
822; *Mich.* v. *Maine,* 81 Md. 36.

*Alexander & Alexander,* for appellee.

A reorganization and transfer of the property to a:
new corporation is a very common occurrence and in-
volves no fraud against creditors or stockholders.   See·
Clark & Marshall on Private Corporations, § 1015 *et seq.*

As to the general rights of stockholders to bring suits.
to set aside transactions which are *ultra vires* or fraud-
ulent as to creditors or other stockholders, see Clark &
Marshall on Private Corporations, § 536.

We deem .it unnecessary, however, to cite authorities.
to show the right of complainants to maintain a suit.
like this.   Nothing would prevent their bringing it ex--
cept active participation by them in a fraudulent pur-
pose which they must themselves assert in order to·
obtain relief.

This question of fact was never presented by the plead-
ings, and if it had been it was negatived by the. testi-
mony of all parties who testified and has been settled
by the expressed findings of the chancellor in the decree.

We are sure that the court after reading this record
will agree with us that the conduct throughout of the
Howies was marked by the strictest integrity, and that
the effort of the Moyses after the deed was made to Lea
and the charter for the new corporation published to
secretly acquire and dispose of these assets and appro-
priate for their own benefit the price, was the only fraud
disclosed by the record. It did not rise to the dignity
of high finance. It was a stupid and bungling effort
by mere brute force to run away with the assets of a
corporation. The chancellor experienced no difficulty
with the case, and we are sure this court will not.

Counsel for appellant seems to anticipate that if there
were fraud this case would probably come within the
well recognized principle illustrated in *O'Conner* v.
*Ward*, 60 Miss. 1037, and cases cited in it, that the
parties were not *in pari delicto*.

Of course, if there were fraud the parties were not
equally guilty and the rule would apply and govern.
Cases of this sort are of frequent occurrence in the courts,
and many of them are grouped in the Century Digest,
vol. 34, page 831, *et.seq.* Another statement of the rule
governing where parties are not in *pari delicto* is in
20 Cyc., page 614. Another proposition equally set-
tled is that a grantor even can recover where the con-
veyance was made as a bailment or where he can show
a right of recovery without disclosing any fraud. 20
Cyc. 619. And the same text shows that a transferrer
may abandon a fraudulent purpose before it has been
executed and recover property. Where no other rights
have intervened, and certainly Lea under his deed
acquired and asserted none, there existed the *locus
penitentiae* if there was an act calling for repentance.
However, we do not rely on any of these authorities,
but plant ourselves squarely on the proposition that no
fraud was averred in the pleadings as to the conveyance
to Lea, and if it were it was denied indignantly by the

answers, and if it had not been, it was equally as plainly and indignantly denied by the testimony.

Argued orally by *W. A. Parsons,* for appellant, and *Virgil R. Howie,* for appellee.

Whitfield, C.

The Day Lumber & Manufacturing Company, a corporation, owned a large amount of lumber near Richardson, Miss., and operated a mill at that place during the years 1906 and 1907, up to the time that the property involved in this suit was divested from it to other parties. The affairs of the Day Lumber & Manufacturing Company had become involved to such an extent that the stockholders (so appellees claim) decided to form a new corporation to take over the assets of the Day Lumber & Manufacturing Company. J. L. Moyse, F. H. Moyse, Leonard Moyse, and Howie Bros., owned and controlled the stock of the Day Lumber & Manufacturing Company. Those stockholders, acting through a president and secretary and treasurer, conveyed all of the assets of the company to one H. G. Lea, who, it is claimed by some of the stockholders and H. G. Lea himself, was to hold the property in trust; it being understood that it was to convey the property to the new corporation when the formation of the same had been completed. J. L. Moyse & Bros., contended that it was an absolute conveyance in fee simple; but the finding of the chancellor was in accordance with the understanding of the trustee, H. G. Lea, and other stockholders. The property was afterwards conveyed by H. G. Lea, to J. L. Moyse & Bros., and sold to the D. C. Richardson-Taylor Lumber Company for the sum of two hundred and fifty thousand dollars. J. L. Moyse & Bros. appropriated the proceeds of this sale claiming that the conveyance to Lea was a fee-simple conveyance absolute, and that the sale from Lea to them was *bona fide,* and that the pur-

chase of the property by them was in good faith. The title to H. G. Lea, dated July 27, 1907, was signed by the secretary and by the president of the Day Lumber & Manufacturing Company, with the approval of the stockholders, and appeared on its face to be a regular sale of the property.

A bill was filed by Howie Bros., stockholders of the Day Lumber & Manufacturing Company, during the latter part of 1907, praying among other things, that the deed from the Day Lumber & Manufacturing Company to H. G. Lea, dated July 27, 1907, be declared a conveyance in trust, and that J. L. Moyse & Bros. be held to account for the proceeds of the property as trustees *ex malificio.* The case was submitted on four points at the November term, 1909, one of which points was decided; the others being held to await the record of the master. The decree at this time held that the conveyance had was a conveyance in trust, and that J. L. Moyse & Bros., having procured the conveyance of the property to themselves and disposed of the same, and having possession of the proceeds, shall be held to account for the proceeds of the same unto the sum of two hundred and fifty thousand dollars. The master was appointed to render a statement of the liabilities of the Day Lumber & Manufacturing Company. The preponderance of the testimony showed, as found by the chancellor, that H. G. Lea, a grantee of the Day Lumber & Manufacturing Company, understood that he took no personal interest in the property by virtue of the conveyance to him, but merely a depositary title for the benefit of those interested in the Day Lumber & Manufacturing Company. It was also shown that all of the stockholders except J. L. Moyse & Bros., understood that the conveyance to Lea was a conveyance in trust for the benefit of a new corporation which was to be formed, and on the failure to form the new corporation for the benefit of the stockholders of the

Day Lumber & Manufacturing Company.    The new
corporation was never formed, as contemplated at the
time of executing the deed to H. G. Lea. After the
conveyance to H. G. Lea, he did not assume active
charge of the property, and in fact the property was
left in very much the same condition and about the
same management as before the conveyance to him.

It is not possible for the court to say on the facts in
this record, that the finding of facts by the chancellor—
that "the conveyance dated the 27th day of July, 1907,
from the Day Lumber & Manufacturing Company to H.
G. Lea, was intended by the parties who authorized and
executed the same and by H. G. Lea, the grantee, merely
to temporarily vest the title to the properties conveyed
in H. G. Lea, as trustee for the benefit of all the parties
interested in the Day Lumber & Manufacturing Com-
pany; that the same was free from any fraud on the
part of the complainants; that the subsequent convey-
ance on September 20, 1907, of the same by H. G. Lea
to J. L. Moyse & Bros., was unauthorized and wrongful
and constituted J. L. Moyse & Bros. trustees in their
own wrong of said property and liable to account for
the proceeds thereof; and that, by the sale of the said
properties to D. G. Richardson-Taylor Lumber Com-
pany, the said J. L. Moyse & Bros., and J. L. Moyse,
F. H. Moyse, and Leonard Moyse, the partners therein,
became liable to account for the sum of two hundred
and fifty thousand dollars, the price thereof, which
they received and have appropriated"—is manifestly
wrong.    The well-settled rule as to the weight to be
given to the finding of the chancellor on facts plainly
forbids this.    And the finding of these facts by the
chancellor disposes of the case as to all the matters
embraced in his decree.    The appellants are fully pro-
tected by the accounting ordered; all the matters of
said accounting having been reserved until the report
of the master shall have come in.    No useful purpose

could be served by setting out, in detail, the voluminous facts in this record, which have had our most careful and painstaking consideration. When the chancellor found the above facts as he did, and as he ·was warranted in doing by the testimony, taken as a whole, the whole case went necessarily for the complainants; the finding, of course, being limited to the matters set out in the decree. ' ' *Affirmed.*

Per Curiam. For the reasons set out above, the foregoing opinion is adopted as the opinion of the court; and the court hereby affirms the decree, and remands the cause.