## CITY OF JACKSON v. GORDON.

[80 South. 785, Division A.]

1. CRIMINAL LAW. *Intention.*

Criminal intent must accompany a crime and there must be actual or constructive intent to do the thing which constitutes the crime, otherwise there is no criminal act.

2. INTOXICATING LIQUORS. *Offense. Have, control or possess."*

Section 2, chapter 189, Laws 1918, making it unlawful for any person to "have, control, or posses" intoxicating liquors, is not violated where a defendant has liquor in his possession without his knowledge, as a result of some other party placing the liquor in his possession.

3. INTOXICATING LIQUORS. *Criminal prosecution. Question for jury. knowledge of possession.*

In a prosecution under section 2, chapter 289, Laws 1918, of the proprietor of a pressing shop for having liquor in his possession, the court held under the evidence as set out in its opinion, that the question as to whether or not defendant was conscious of such possession was for the jury.

4. SAME.

In such case, where the defense is that defendant had no knowledge of the presence of liquors found in his shop, this raises a question of fact for the jury, the presumption being in such case that he knew of its presence.

APPEAL from the circuit court of Hinds county.

HON. W. H. POTTER, Judge.

Corry Gordon was charged by the city of Jackson with unlawfully having certain liquors under his control or in his possession, was found guilty and appealed to the circuit court, where being acquitted, the city appeals.

The facts are fully stated in the opinion of the court.

*W. E. Morse,* for appellant.

*L. C. Hallam,* for appellee.

HOLDEN, J., delivered the opinion of·the court.

This is an appeal by the city of Jackson, involving the construction of one of our liquor laws found in section 2 of chapter 189, Laws of 1918, which provides "that it shall be unlawful for any person . . . to have, control or possess . . . any of the liquors mentioned," etc.

The question presented arose in a case in the lower court on the following facts: The appellee, Corry Gordon, was charged with unlawfully having under his control or in his possession certain liquors. The proof submitted by the state showed that Gordon was the proprietor of a pressing shop in Jackson, in which, when raided by the police, was found four bottles of beer in the front part of his shop, and four bottles under his bed in the back part. The defendant; Gordon, disclosed by his evidence that the liquor in question had been left in his shop by a customer, and that he (Gordon) did not own the liquor and had no knowledge of the fact that the liquor was in the shop at the time it was seized by the officer. In other words, the defendant proved by competent testimony, which the jury had a right to believe and did believe, that he did not know or was not conscious of the possession of the liquor. The prosecution for the city requested an instruction from the court telling the jury that, if they believed beyond a reasonable doubt that the defendant had the liquor under his control or in his possession, they should find him guilty. The court refused to grant the instruction in the form requested, but offered to grant the instruction, modified by inserting the word "knowingly," which made it read that the jury should find the defendant guilty if they believed that he "knowingly"

had liquor under his control or in his possession. But the city refused to use the modified instruction offered by the court, and excepted to the ruling, and contends here that the possession proved was "constructive" possession, and comes within the meaning of the act.

The court granted an instruction for the defendant telling the jury that they should acquit the defendant unless they believed beyond all reasonable doubt that the liquor in question was in the conscious possession of the defendant; that is, that he knew it was there in his shop and permitted it to remain there. The case was submitted to the jury and a verdict of not guilty was returned.

We think the lower court was correct in its interpretation of the law. The old rule that criminal intent must accompany a crime is still the law, even as to liquors, so far as we have been able to ascertain. There must be actual or constructive intent to do the thing which constitutes the crime; otherwise there is no criminal act. If it can be said that the liquor in this case was in the possession of the defendant merely because it was in his shop, when he did not know it, still such possession, not being conscious, was not actual and intentional possession, as contemplated by the statute.

We do not think it was intended by the act to hold a person guilty of the offense of unlawfully having in his possession liquor, where he did not know or was not conscious of the possession, even if by any stretch of reasoning it can be said that a person is in the possession of an article when he does not know of it. The proof offered by the defendant, denying knowledge of the possession, presented a question of fact for the determination of the jury; and while such defense may furnish an avenue of escape in such cases, this is only true when the jury believes from the evidence the defendant did not have conscious possession of the liquor.

If the letter of this liquor act was strictly followed, instead of the spirit, the personal safety of innocent persons would be jeopardized. To say that a person could be held guilty of this offense in a case where some other party had placed in his possession, without his knowledge or consent, a bottle of liquor, would be to go beyond the meaning and purpose of the law. Such a construction of the act would make it necessary on the part of every sober citizen to frequently search himself and his habitations to see whether or not he is an offender. Of course, when unlawful liquor is found on the premises or in the physical possession of a person, and such person claims that the liquor is in his possession without his knowledge, a question of fact arises to be decided by a jury, as to whether or not he knowingly or consciously possessed or controlled the liquor, as it may be reasonably presumed and inferred as a fact that he knows of its presence. To hold that the act demands more than this would be to constitute an act a crime that was not intentionally or knowingly committed.

The judgment of the lower court is affirmed.

*Affirmed.*