ALLIE HARRIS v. THE STATE.

No. 9275. Delivered June 17, 1925.

Rehearing Denied October 21, 1925.

1.—Possession of Intoxicating Liquor—Requested Charge—Properly Refused.

Where on a trial for possession of intoxicating liquor for purpose of sale, it was shown that an officer went to appellant's house, and asked her if a sewing machine belonged to her, and she having answered that it did, the machine was searched, and eight quarts of whisky found in it, a requested in-

struction to the effect that if the jury had a reasonable doubt that the liquor belonged to some other person to acquit, and also a requested charge defining the meaning of the word "possession," were properly refused.

**2.—Same—Evidence—Questions of Fact—For the Jury.**

We have many times held, and recently, that the fact that the testimony of the accused, or of the near relations of the accused, to facts which if accepted by the jury as true, might rebut the state's case, made by the finding of appellant in possession of intoxicating liquor, would in no sense or way compel the jury to accept same as true, such conflict being a question for the jury to decide.

ON REHEARING.

**3.—Same—Evidence—Held Sufficient.**

We cannot agree with appellant's contention on rehearing that the evidence in this case is insufficient to support the verdict. Eight quarts of whisky were found by officers in a sewing machine in appellant's house. In a nearby closet were other empty jars or bottles, and whisky glasses, all of which smelled of whisky. Her claim that the whisky belonged to a negro named Palmer, was before the jury, and was not credited by them. The motion for rehearing is overruled.

Appeal from the District Court of Jefferson County. Tried below before the Hon. Geo. C. O'Brien, Judge.

Appeal from a conviction for the possession of intoxicating liquor for the purpose of sale; penalty, one year in the penitentiary.

The opinion states the case.

*Blain & Jones,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, Judge.—Appellant was convicted in the district court of Jefferson County of possessing intoxicating liquor for purposes of sale, and her punishment fixed at one year in the penitentiary.

Upon information given him as to the fact that appellant had liquor in her possession and that she kept it in her sewing machine, an officer went to appellant's house. He asked her if that was her machine and received from her the reply that it was. Search of the machine revealed the presence of eight quarts of whiskey. The record contains two bills of exception, one of which complains of the refusal of a special charge asked by appellant to the effect that if the jury found or had a reasonable doubt of the fact that the liquor found in the possession of the defendant belonged to some other person, they should acquit her. The other refused charge instruct-

ed the jury as to the meaning of the word "possession." In our judgment the refusal of neither charge presents any reversible error. The whiskey was found in appellant's house and in her sewing machine, which machine was claimed by her as her property at the time the officer found the whiskey.

It is insisted in the brief filed by appellant's able counsel that her testimony that the whiskey did not belong to her rebuts the presumption of a prima-facie case and that she is entitled to be acquitted. We regret we cannot agree with this proposition. We have discussed in several cases recently the fact that testimony of the accused or of the near relatives of the accused, to facts which if accepted as true by the jury, might rebut the State's case made by the finding of appellant in possession of liquor, would in no sense or way compel the jury to accept same as true.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant is not satisfied with our holding on the facts in this case. Eight quarts of whiskey were found by officers in a sewing machine in appellant's house. In a near-by closet were other empty jars or bottles and whiskey glasses, all of which smelled of whiskey. According to the State's testimony appellant said the sewing machine was hers and that she slept in the room in which the sewing machine was found. On the occasion of the finding of the liquor, the witnesses found only appellant, her fourteen-year-old niece and another woman on the premises. Appellant swore that her niece at the time of the trial was in St. Louis, and that the other woman was her cook and had left and she did not know where she was. She swore that the whiskey found by the officers belonged to a negro named John Palmer. The State witnesses testified that they knew Palmer but had not seen him in town for a long time. We see no reason to doubt the correctness of our conclusion in our former opinion, and the motion for rehearing will be overruled.

*Overruled.*