BRIDGES *v.* STATE.

(In Banc. Nov. 13, 1944. Suggestion of Error Overruled Dec. 22, 1945).

[19 So. (2d) 738. No. 35671.]

Martin & Farr, of Prentiss, for appellant.

Greek L. Rice, Attorney General, by R. O. Arrington, Assistant Attorney General, for appellee.

Argued orally by **George Martin**, for appellant, and by **R. O. Arrington**, for appellee.

**Alexander, J.**, delivered the opinion of the court.

Appellant was convicted of an assault with intent to murder. We need not recount the testimony since it completely justifies the verdict.

The following instruction was given for the state: ''The court instructs the jury for the State that malice is implied by law from the nature and character of the weapon used and that the use of the deadly weapon in a difficulty and not necessarily in self defense is in law evidence of malice.''

The errors in this instruction are seen at a glance. When the entire case is before the jury there is no need nor right to charge them upon a presumption. Walker v. State, 146 Miss. 510, 112 So. 673; New Orleans & G. N. R. Co. v. Walden, 160 Miss. 102, 133 So. 241; Winchester v. State, 163 Miss. 462, 471, 142 So. 454; A. L. I. Model Code of Evidence, Rule 704, Comment (b). Moreover, the instruction is not that the jury may infer malice but that malice is in law implied. The fact that the weapon used is deadly is found peremptorily by the court. And above all the failure to characterize the use of the weapon as ''deliberate'' is fatal. Winchester v. State, supra.

In a case where guilt is less patent such error would require reversal. However, the evidence is overwhelming that the assault was unprovoked and wholly unjustified and no impartial jury with capacity to think and courage to act could reasonably find otherwise. The record itself discloses that the assault was made with a deadly weapon with a deliberate and expressed intent to kill and murder. Sullivan v. State, 92 Miss. 828, 46 So. 248; Wesley v. State, 37 Miss. 327, 75 Am. Dec. 62.

Error is predicated of the failure of the instructions for the state to define the term ''murder'' used therein. The need for explanation of technical legal terms is discussed in Martin v. State, 163 Miss. 454, 142 So. 15 (which makes pertinent the strong dissent in Canterbury v. State, 90 Miss. 279, 301, 43 So. 467). If such omission be error, which we do not decide, it is not available to appellant whose instructions follow the language used by the state and some of which define murder in the language of the statute. An instruction sought by appellant completely defined the offense and was allowed by the court

after striking out the words "in attempt" in the following context ". . . the defendant acted feloniously without authority of law from his deliberate design and with his malice aforethought in attempt to kill and murder . . . " The amendment did not impair the instruction and appellant ought to have used it as corrected and given. Canterbury v. State, supra.

Other alleged errors have been examined and found either to be without merit or not properly reserved.

Affirmed.