CALLICOTT *v.* STATE ex rel. CHATHAM.

Division A. Jan. 2, 1951.

No. 37752 (49 So. (2d) 731)

Brinkley Morton and King & King, for appellants.

George H. Ethridge, Assistant Attorney General, for appellee.

**Lee, J.**

This was a proceeding by the State, on the relation of the District Attorney, under Section 2646, Code of 1942, to abate as a nuisance certain property particularly described in the bill of complaint, allegedly used in the possession and sale of intoxicating liquors; and to enjoin the defendant, P. G. "Pink" Callicott, and others, from possessing and selling intoxicating liquors in and about such premises. Upon the filing of the bill, a temporary injunction was issued. Answers were filed by Callicott and C. A. Simpson. From a decree in accordance with the prayer of the bill, both defendants have appealed.

The proof showed that Callicott and another acquired the property in question on January 14, 1948, and, subsequently, on April 5, 1949, Callicott became the sole owner. It was shown that one Robert L. Still was convicted in the circuit court at the April 1948 term for possessing liquor on these premises; and that C. A. Simpson plead guilty to a like charge on the same premises on July 19, 1949.

On the occasion in July 1949, when the sheriff and his deputy went to this place with a search warrant, both Callicott and Simpson were present. Callicott was standing in front of the counter. The sheriff gave Callicott a copy of the search warrant, and Callicott thanked him for it. When the sheriff gave information of his intention to search the place, Callicott replied, "All right, just come on back and help yourself". With that statement, Callicott raised a board or plank so that the officers could enter that part of the place which they wished to search. A quantity of liquor, wine and gin was found. The only merchandise in the building consisted of candy, chewing gum, cigars and cakes and "things like most roadhouses carry".

Neither Callicott nor Simpson testified, or offered any evidence.

 █ The fact that Callicott owned the property; the previous conviction of Still; the existence of liquor in the place on July 19, 1949, when Callicott was present; that he told the officers to go ahead with the search, and even facilitated such search by the removal of a bar— these facts justified the conclusion that Callicott was then in charge of, and operating, the place. In other words, by this evidence, the State made out a prima facie case. Williamson v. State, 191 Miss. 643, 4 So. (2d) 220; Garland v. State, 165 Miss. 136, 146 So. 637; Wylie v. State, 151 Miss. 897, 119 So. 825; City of Jackson v. Gordon, 119 Miss. 325, 80 So. 785.

 █ Of course, a chancellor's finding of fact will not be reversed if supported by substantial evidence or unless he is manifestly wrong. Gerard v. Gill, 195 Miss. 726, 15 So. (2d) 478, 916; Carr v. Miller, 162 Miss. 760, 139 So. 851; Moyse v. Howie, 98 Miss. 30, 53 So. 402; Freeman v. Freeman, 107 Miss. 750, 66 So. 202.

While Simpson made bond for appeal here, he has filed neither an assignment of error nor a brief. .

Affirmed.