SMYLEY *v.* STATE.

No. 39669         April 25, 1955         79 So. 2d 539

*George D. Maxey, Wm. H. Odom,* Laurel, for appellant.

*Wm. E. Cresswell,* Asst. Atty. Gen., Jackson, for appellee.

G illespie, J.

Appellant was sentenced to a life term for murder. The facts which the jury was fully justified in finding from the evidence will be briefly stated.

Appellant was working in the Diamond Playhouse, an establishment commonly known as a "honky-tonk" or "night club," where "stump" whiskey was sold and consumed, and where a juke box beat time for the dancers — a "joint" typical of those where so many present day crimes of violence are bred and committed. Appellant had a fight with Harry West, the deceased, who was a customer. This fight took place about two o'clock in the morning just in front of the Diamond Playhouse door, and in which appellant was cut on the hand and hit on the head. The deceased was on top of appellant when bystanders urged him to let appellant loose, which deceased did. Appellant went into a room in the Diamond Playhouse, where he and his common-law wife lived, and there obtained a rifle. In the meantime, the bystanders told the deceased to run; and deceased did run away from the place, about the time appellant came out of his room with the rifle. As appellant was about to leave the front door of the Diamond Playhouse, several persons tried to stop him, but appellant threw a shell from the magazine of the rifle into the chamber and went out of the door and shot deceased when the latter was running away from the place. Deceased fell and died from the gunshot wounds. His body was found beside the road 179 feet north from the driveway into the Diamond Playhouse, and the driveway was 48 feet long from the front of the building to the road. The deceased had been shot from the rear, once in the back and once in the arm. Appellant made a statement to the officers substantially in accordance with the facts as stated. On the trial, appellant testified and told a most unlikely story to the effect that after the deceased had ordered a half pint of "stump" whiskey, he would not pay for it, and appellant told him to leave; that deceased left; about ten minutes later appellant heard a car door close and as he went to the front door, deceased cut his hand and another unknown person snatched him out the door; that on the outside, deceased and the other

man were trying to stab him, whereupon appellant went and got his gun, and upon going again outside, he was set upon by the deceased, whom he shot as deceased whirled, and that deceased then ran. No one corroborated appellant's story.

The court granted the State an instruction in the following language: ''The court instructs the jury for the State that malice aforethought mentioned in the indictment may be inferred from the unlawful and deliberate use of a deadly weapon.'' This instruction was error under the facts of the case. The evidence is overwhelming that the appellant was guilty of murder. Under such circumstances, the error in granting the quoted instruction is harmless. Bridges v. State, 197 Miss. 527, 19 So. 2d 738; Rules of the Supreme Court of Mississippi, Rule 11.

The other assignments of error were that the court should have instructed the jury that appellant could not be found guilty of a greater crime than manslaughter, and that the verdict was against the overwhelming weight of the evidence. What we have already said disposes of these assignments.

Affirmed.

*McGehee, C. J.,* and *Lee, Arrington* and *Ethridge, JJ.,* concur.