CHRISTIAN *v.* STATE

No. 43201 November 2, 1964 168 So. 2d 532

*Clarence Chase,* Booneville, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

Lee, C. J.

From a conviction for the unlawful possession of intoxicating liquor, Utha Christian appealed.

The appellant has assigned and argued that the trial court committed reversible errors in the trial of this cause (1) in refusing to give his requested instruction for a directed verdict in his behalf, (2) in refusing to set aside the verdict as against the overwhelming weight of the evidence, and (3) in refusing to grant his motion for a new trial.

The whiskey, for which Utha was convicted, according to the evidence, was found in his home when both he and his wife, Venia, were present.

The rebuttal by the appellant to the presumption, sometimes called inference, that he was the owner since the liquor was found in his home, consisted in his denial thereof. This was supplemented by the evidence of his wife that she found the liquor the day before the search, on a trail, brought it home, and put rock candy

in it so that she could use it for pain which she experienced in menopause.

But the evidence for the State was to the effect that rock candy changes the color of white liquor to yellow; and that the liquor in question was white whiskey.

■■ This case is governed by the principles announced in Wylie v. State, 151 Miss. 897, 119 So. 825 (1929), and followed in Quick v. State, 191 Miss. 179, 2 So. 2d 812 (1941); Williamson v. State, 191 Miss. 643, 4 So. 2d 220 (1941). Cf. Shepard's Miss. Cit.

It was for the jury therefore, taking into consideration all of the circumstances, together with the interest of the witnesses, to say whether Utha, from the evidence beyond reasonable doubt, was guilty of the unlawful possession of this whiskey. Consequently the court did not err in overruling the requested peremptory instruction, or in refusing to set aside the verdict of the jury and grant him a new trial.

Affirmed.

*McElroy, Rodgers, Jones and Brady, JJ.*, concur.