309 So.2d 859 (1975)
Thomas E. QUICK
v.
STATE of Mississippi.
No. 48395.
Supreme Court of Mississippi.
March 24, 1975.
*860 Davey L. Tucker, Jackson, for appellant.
A.F. Summer, Atty. Gen., by Vera Madel Speakes, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, ROBERTSON and WALKER, JJ.
ROBERTSON, Justice:
Thomas E. Quick was indicted, tried and convicted in the Circuit Court of the First Judicial District of Hinds County, Mississippi, of the illegal possession of 5.2 ounces of marijuana. He was sentenced to a term of three years, with 18 months suspended pending good behavior, and the remaining 18 months to be served in the Hinds County jail.
About 8:30 p.m., on Sunday, August 19, 1973, officers Barrett, Malone and Pace of the Jackson Police Department served a search warrant on Quick in his apartment 107, Ventura Apartments, 111 North Prentiss Street, Jackson, Mississippi. Quick was lying on a couch watching television. Quick had leased this one-bedroom apartment some time before, and was there by himself when the search warrant was served. The officers searched his bedroom and found a bag of marijuana in a dresser drawer. They also found a film can containing marijuana and a match box containing marijuana in the pocket of a sport coat hanging in the bedroom closet. On the floor of the closet, Officer Barrett found a *861 brown paper bag containing 11 plastic bags each containing a lid of marijuana.
Quick was placed under arrest and taken to the city jail. In booking him at the jail, two photographs were taken and these pictures were introduced into evidence at the trial.
Thomas L. Packer, a criminalist with the Jackson Police Crime Lab, testified that he tested and analyzed the contents of the match box, film can, and the bag found in the dresser drawer, and each of the 11 plastic bags found in the bedroom closet, and the contents of each container proved to be marijuana.
In his assignment of errors, the appellant has listed ten errors which he contends the trial court made during the trial. We will discuss only 2(a) and (b), and 7, which are:
2. Inadmissible hearsay evidence denied Defendant his right to be confronted by the witnesses against him.
a. The introduction as primary evidence of the search warrant, the affidavit and the underlying facts and circumstances sheet.
b. Testimony by the narcotics agent as to what the non-testifying informant had told him.
......
7. State's instruction that since Defendant was owner of the premises he is presumed in possession of the marijuana should have been denied.
The appellant is in error when he argues in his brief that the affidavit for the search warrant, the underlying facts and circumstances sheet, and the search warrant itself were introduced into evidence before the jury for its consideration. The record reflects that when the assistant district attorney offered the affidavit for search warrant, the facts and circumstances sheet, and the warrant itself into evidence, the following took place:
"BY MR. TUCKER:
To which I would like to make a motion at this time to exclude that Warrant and the Affidavit, and I would like to be heard out of the presence of the Jury.

"BY THE COURT:
The motion should have been filed prior to this time. Ladies and Gentlemen, step back in the jury room.

"[Whereupon the Jury left the courtroom and the following proceedings were had and recorded out of the presence of the jury.]
"BY MR. TUCKER:
Comes now the Defendant, Thomas Quick, by his attorney of record, and moves this Court to exclude the Search Warrant herein, together with the Affidavit and Facts & Circumstances Sheet, for the following reasons:
The Affidavit on which the Search Warrant was issued fails to show sufficient facts upon which a detached official judge may ascertain that probable cause existed, to-wit:" (Emphasis Added).
After hearing argument by counsel both for the appellant and the State, the court overruled the motion to exclude and received the affidavit, facts and circumstances sheet and search warrant into evidence. After all of this was done out of the presence of the jury, the record continues:
"[The Jury returned to the Courtroom and direct examination of Witness Barrett continued:]
"Q. Officer Barrett, what was the basis for your obtaining this Search Warrant other than your surveillance?
"A. We received a call from a confidential informant who told us he had seen marijuana in this Apartment 107 at Ventura Apartments that belonged to *862 Thomas Quick. We met with this informant.
"BY MR. TUCKER:
"Your Honor, I object to this as being hearsay testimony.
"BY THE COURT:
"As to anything the informant might have told you the objection is sustained."
It is thus clear from the record that the affidavit, underlying facts and circumstances sheet, and search warrant were correctly made a part of the record out of the presence of the jury, and that the first time the appellant objected to hearsay testimony the trial judge sustained his objection.
Defense counsel himself, in a far-reaching and detailed cross-examination of Officer Barrett, tested the reliability and credibility of the confidential informant. Surely appellant is not questioning the admission of testimony that his own counsel elicited.
Appellant contends that the trial court erred in granting State's instruction number 4:
"The Court instructs the Jury for the State of Mississippi that under the laws of the State of Mississippi one who is the owner in possession of the premises in which contraband is kept, is presumed to be in constructive possession of the article found in the property possessed."
The court should not have granted this instruction. In the first place, it is a general instruction on an abstract principle of law, and is not tied in with the specific facts of this particular case. In the second place, constructive possession is only one of several elements that should be considered. These elements are well outlined in Curry v. State, 249 So.2d 414 (Miss. 1971):
"What constitutes a sufficient external relationship between the defendant and the narcotic property to complete the concept of `possession' is a question which is not susceptible of a specific rule. However, there must be sufficient facts to warrant a finding that defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it. It need not be actual physical possession. Constructive possession may be shown by establishing that the drug involved was subject to his dominion or control. Proximity is usually and essential element, but by itself its not adequate in the absence of other incriminating circumstances." 249 So.2d at 416.
Under the facts of this case, the granting of this instruction constituted harmless error. In the case at bar, the marijuana was found in his bedroom, the only bedroom in an apartment rented only to the appellant. A bag of marijuana was found in his bedroom dresser drawer. A brown paper bag containing 11 plastic bags of marijuana was found on the floor of his bedroom closet. In addition to all of this, a film can and a matchbox containing marijuana were found in the pocket of his sport coat hanging in his closet. The jury would have been hard put to find that this was not his marijuana and that he knew nothing about it.
The Supreme Court of Illinois in People v. Nettles, 23 Ill.2d 306, 178 N.E.2d 361 (1961), has aptly expressed the inference that may be drawn when contraband is found in a person's living quarters:
"The underlying principle of the Mack and Embry cases [People v. Mack, 12 Ill.2d 151, 145 N.E.2d 609; People v. Embry, 20 Ill.2d 331, 169 N.E.2d 767] is that where narcotics are found on premises under defendant's control, it may be inferred that the defendant had both knowledge and control of the narcotics. This inference is based largely upon the nature of the commodity and the manner in which its illegal traffic is conducted. By law the use of narcotics, except for *863 specified medicinal purposes, is rigidly condemned. Because of this illegitimate nature of narcotics, they are sold for exorbitant sums on the black market and are therefore of great value to the person possessing them. Furthermore, since their mere possession may subject such person to severe criminal consequences, the narcotics traffic is conducted with the utmost secrecy and care. Human experience teaches that narcotics are rarely, if ever, found unaccountably in a person's living quarters." 178 N.E.2d at 363 (Emphasis Added).
The conviction and sentence are, therefore, affirmed.
Affirmed.
GILLESPIE, C.J., RODGERS, P.J., and INZER, SMITH, SUGG and BROOM, JJ., concur.