322 So.2d 462 (1975)
Robert WOOD
v.
STATE of Mississippi.
No. 48777.
Supreme Court of Mississippi.
November 3, 1975.
Rehearing Denied December 8, 1975.
*463 Cunningham & Smith, John A. Ferrell, Booneville, for appellant.
A.F. Summer, Atty. Gen., by Ben H. Walley, Asst. Atty. Gen., Jackson, for appellee.
Before RODGERS, PATTERSON, and SUGG, JJ.
RODGERS, Presiding Justice.
This case came to this Court from the Circuit Court of Lee County, Mississippi. The appellant Robert Wood has appealed from a judgment of conviction and sentence on a charge of having in his possession amphetamine, a controlled drug under the Uniform Controlled Substances Act of 1971.
The state offered testimony to show that an employed informer took a capsule containing amphetamine to the deputy sheriff a few weeks before December 28, 1973, and advised him that the capsule had been supplied to him by the appellant. On December 28, the informer advised the officers that he had seen a number of red and black capsules in a bag that day in appellant's apartment; whereupon, the deputy sheriff obtained a search warrant from a justice of the peace based upon the information received from the informer who had previously given the officers information that had led to discovery of crime in that county.
The officers went to the appellant's apartment and waited until he arrived. They then served a copy of the search warrant upon the defendant Robert Wood. The officers then proceeded to search the apartment. They found certain capsules of drugs in the apartment which appeared to be similar to the capsule previously tested. The drugs were seized, and the appellant arrested. An examination of the drugs by the authorities at the Mississippi State Crime Laboratory established that the capsules contained amphetamine and others contained another drug, methaqualone.
The appellant appealed from his conviction and sentence and now contends that he did not receive a fair trial in the circuit court for the following reasons:
(1) The trial court erroneously permitted the introduction of the search warrant and its supporting affidavit secured for the purpose of searching his apartment, and erroneously permitted the introduction of the articles found in his apartment.
(a) The search warrant was not served on the defendant, appellant here.

*464 (b) The search began as an illegal search by an informer.
(2) The trial court erred in not requiring the state to reveal the identity of the real informer. Moreover, it is said that the trial court should have directed a verdict in favor of the appellant, because the state did not prove the appellant guilty beyond a reasonable doubt.
(3) The state erroneously obtained a "constructive possession" instruction.
We have read the record and the cases cited by the attorneys in their briefs, and we have reached the conclusion that there is no reversible error shown in the record. We, therefore, affirm the judgment of the trial court for the following reasons.
The appellant contends that the search of the appellant's apartment was an illegal search, and that the contraband found therein was illegally seized, because it is said that the appellant, the occupant of the apartment, was present and was not served with a copy of the search warrant authorizing the search. In support of this contention, the appellant points out that our new law with reference to search warrants issued under the authority of the Uniform Controlled Substances Law of 1971 specifically requires that the officer shall deliver a copy of the warrant to the occupant. The pertinent part of Mississippi Code Annotated Section 41-29-157 (Supp. 1974) is in the following language:
"(3) A warrant issued pursuant to this section must be executed and returned within ten (10) days of its date unless, upon a showing of a need for additional time, the court orders otherwise. If property is seized pursuant to a warrant, a copy shall be given to the person from whom or from whose premises the property is taken, together with a receipt for the property taken. The return of the warrant shall be made promptly, accompanied by a written inventory of any property taken. The inventory shall be made in the presence of the person executing the warrant and of the person from whose possession or premises the property was taken, if present, or in the presence of at least one (1) credible person other than the person executing the warrant. A copy of the inventory shall be delivered to the person from whom or from whose premises the property was taken and to the applicant for the warrant."
The appellant cites the case of Adams v. State, 202 Miss. 68, 30 So.2d 593 (1947), in which the testimony was to the effect that the officer serving the search warrant testified that he never served the search warrant on the defendant Minnie Adams, although she was present when the search was made. The officer "merely laid it on a table in one of the rooms." 202 Miss. at 73, 30 So.2d at 595.
In the case now before the Court, the officer testified that he gave the defendant a copy of the search warrant, and, although there is testimony from the defendant that he was not served with a copy of the search warrant and the defendant's attorney requested a copy of the search warrant from the officer, we think this issue was a question for the trial judge to determine. Unless a trial judge has abused his judicial discretion in allowing a search warrant to be introduced, as shown by the great weight of the testimony, we will not reverse the judgment merely because there is a conflict in the testimony as to whether or not a copy was delivered to the defendant.
The defendant also objected to the introduction of the search warrant because it is said that the search of appellant's apartment was begun by a paid agent of the officers prior to the issuance of the search warrant. The testimony shows that a paid agent of the officers gave the officers a capsule which proved to be amphetamine and informed them that he had obtained the capsule from Robert Wood, the appellant. *465 The informer later informed the officers that he had seen a number of red and black capsules in the appellant's apartment on the day the search warrant was issued [December 28, 1973].
The appellant bases this argument upon the testimony of the appellant that he did not let anyone in his apartment on December 28, 1973, and did not know of anyone who had entered the apartment on that date. He argued, therefore, that if anyone entered his apartment he was a trespasser and committed an illegal search of the apartment, and since he was an agent of the officers, the search was illegal and "the fruits" of the search were not admissible in evidence, nor could this illegally-obtained evidence be the basis for the search warrant. This objection is not well taken, because it is based on surmise and conjecture. One does not necessarily have to search an apartment to see what goes on in the apartment. Moreover, if a defendant could avoid the consequences of a search by simply denying the truthfulness of the predicate on which the search warrant was issued, every search would be fatally vulnerable to a simple denial.
A majority of the state courts which have considered the question as to the extent a trial court may permit an attack upon the supporting affidavit for a search warrant have held that in the absence of a statute, that the matter contained in the affidavit on which the search warrant is based may not be disputed by the person against whom a warrant is directed, for the purpose of showing its invalidity. See cases collected under 68 Am.Jur.2d Searches and Seizures § 66, at 720 (1973).
In the case of O'Bean v. State, 184 So.2d 635 (Miss. 1966), we held, however, that the affidavit could be attacked where it did not comply with the holding of the United States Supreme Court in Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). We pointed out in O'Bean that the purpose of the affidavit is to establish probable cause and that the affidavit must contain some of the underlying facts on which probable cause for the search must be shown. O'Bean, then, permits an attack upon the form of the affidavit as to probable cause. It does not, however, permit a collateral attack upon the truthfulness of the facts alleged and passed upon by the issuing official. See Goss v. State, 187 Miss. 188, 192 So. 494 (1939); Goss v. State, 187 Miss. 72, 192 So. 447 (1939); Johnson v. City of Aberdeen, 179 Miss. 526, 176 So. 262 (1937); Sykes v. State, 157 Miss. 600, 128 So. 753 (1930); Mai v. State, 152 Miss. 225, 119 So. 177 (1928); 5 A.L.R.2d 394, at 396 (1949).
It is next argued that the court committed reversible error in failing to require the state to divulge the identity of the person who informed the officers that the defendant had contraband in his apartment. This argument is based upon the State [Miss.Const. § 26] and Federal [U.S.Const. amend. V] Constitution rights of one to be confronted by the witnesses against him. He cites Strode v. State, 231 So.2d 779 (Miss. 1970) and Young v. State, 245 So.2d 26 (Miss. 1971) as authority for his contention. We think these cases do not help the appellant, because in the instant case, the informant was not an active participant in the commission of the crime, nor was he present when the defendant was apprehended in the commission of the crime charged, nor was the informant a witness against the appellant.
The trial judge gave the following instruction to the jury:
"STATES INSTRUCTION NO. 2
The Court instructs the jury for the State of Mississippi that if you believe from the evidence in this case beyond a reasonable doubt and to the exclusion of every reasonable hypothesis consistent with innocence that the Defendant Robert *466 Wood occupied the premises, and exercised control over the premises in which amphetamine was kept then he may be deemed to be in constructive possession of the amphetamine."
The appellant Robert Wood contends on appeal that this instruction was an erroneous concept of the law and resulted in a reversible error in this case. His argument is based upon his interpretation of our factual finding in Curry v. State, 249 So.2d 414 (Miss. 1971). In that case, this Court pointed out that the contraband was found at a place near his feet in an automobile owned and driven by the defendant. We said that "The evidence was sufficient to support the jury's finding that Curry was in possession of the marijuana." 249 So.2d at 416. We also said:
"What constitutes a sufficient external relationship between the defendant and the narcotic property to complete the concept of `possession' is a question which is not susceptible of a specific rule. However, there must be sufficient facts to warrant a finding that defendant was aware of the presence and character of the particular substance intentionally and consciously in possession of it. It need not be actual physical possession. Constructive possession may be shown by establishing that the drug involved was subject to his dominion or control. Proximity is usually an essential element, but by itself is not adequate in the absence of other incriminating circumstances." 249 So.2d at 416.
The appellant argues that the above quoted instruction did not inform the jury that the appellant, the owner who was in control of the premises, was conscious that the contraband was in his apartment and that this is one of the requirements of the doctrine of guilt by "constructive possession."
This Court said in City of Jackson v. Gordon, 119 Miss. 325, 80 So. 785 (1919):
"We do not think it was intended by the act to hold a person guilty of the offense of unlawfully having in his possession liquor, where he did not know or was not conscious of the possession, even if by any stretch of reasoning it can be said that a person is in the possession of an article when he does not know of it. The proof offered by the defendant, denying knowledge of the possession, presented a question of fact for the determination of the jury; and while such defense may furnish an avenue of escape in such cases, this is only true when the jury believes from the evidence the defendant did not have conscious possession of the liquor." 119 Miss. at 327, 80 So. at 785-86.
In Williamson v. State, 191 Miss. 643, 4 So.2d 220 (1941), the facts showed that the husband, a carpenter, had been away from home at work for three weeks and upon his return he was served with a search warrant. The officers found liquor in an old trunk in his house. He testified that it was not his, that he did not drink, that he did not know anything about the liquor; and he offered testimony of his good character. Nevertheless, this Court said:
"Although the burden of proof was upon the State, the jury were free to consider whether the prima facie case, made by the discovery of the liquors in a home to which access was procured by appellant's key and in a locked trunk therein which was not shown to be under the key of another, had been overturned. Their verdict sustained the inferences which such possession authorized, and we are unwilling to displace their judgment by a contrary view." 191 Miss. at 647, 4 So.2d at 221.
The appellant has cited Quick v. State, 309 So.2d 859 (Miss. 1975), as authority for his proposition that the Court should not have granted an instruction on "constructive possession." In that case, however, we held that the instruction was harmless and pointed out that the instruction there *467 quoted was an abstract statement of law not applied to the facts before the Court.
The fact that contraband found in one's automobile or apartment does not mean that that fact alone shows that the possessor of the premises or property is guilty of possessing contraband. It does mean, however, that unless there is some explanation or circumstances to the contrary shown in the record, the jury has the right to infer that the possessor of the premises also possesses the articles located in the apartment or automobile, including the contraband. This is especially true where others do not have access to a locked room or automobile. Such evidence establishes an issue for the determination of the jury, and not for the trial judge. State v. Stern, 64 N.E. 593, 254 N.W. 765 (1934); Harris v. State, 101 Tex.Cr. 533, 276 S.W. 266 (1925); State v. Kempeste, 102 Vt. 152, 147 A. 273 (1929); State v. Arrigoni, 119 Wash. 358, 205 P. 7 (1922); State v. Kichinko, 122 Wash. 251, 210 P. 364 (1922).
The general rule in this state simply stated is this: Where contraband is found on the premises of which the defendant is in possession and control a rebuttable presumption of fact[1] arises that the contraband is within the possession of the owner of the premises. The cases on which this rule is based are legion and may be found listed under Mississippi Digest, Intoxicating Liquor. One of the outstanding cases listed therein is the case of Bolin v. State, 229 Miss. 798, 91 So.2d 847 (1957). See also Christian v. State, 250 Miss. 819, 168 So.2d 532 (1964).
It is true that we have repeatedly pointed out that instructions on presumptions of fact, other than a presumption of innocence, should not be given when all the facts in the case are before the jury. See cases cited in Mansfield v. State, 231 So.2d 774 (Miss. 1970); Barnette v. State, 252 Miss. 652, 173 So.2d 904 (1965); and Hydrick v. State, 246 Miss. 448, 150 So.2d 423 (1963).[2] It is only when all the facts are not before the jury that the court is warranted in granting instructions on presumptions of fact. Dickins v. State, 208 Miss. 69, 43 So.2d 366 (1949); Hughes v. State, 207 Miss. 594, 42 So.2d 805 (1949); Bridges v. State, 197 Miss. 527, 19 So.2d 738 (1944).
In the instant case, however, no explanation or evidence was offered indicating how the contraband came into the appellant's apartment, nor is there evidence to show that other persons had ready access to the appellant's locked apartment or the place where the contraband was found. There is evidence, however, to show probable cause to believe that contraband was in the possession of the defendant.
We hold that the state was entitled to an instruction that the defendant was presumed to be in possession of the contraband in accordance with the foregoing rule under the facts here shown, and, although we do not approve the form of the subject instruction, we hold that the giving of this instruction was not a reversible error.
For the reasons above set out, we affirm the judgment of the trial court.
Affirmed.
GILLESPIE, C.J., and INZER, SMITH, ROBERTSON, WALKER and BROOM, JJ., concur.
NOTES
[1] This is really not a persumption of law, but, rather, an inference permissibly deducted from the evidence before the court which the jury may accept or reject or accord such value and weight as they may decide. 20 Am.Jur. Evidence § 162, at 165 (1939).
[2] Shields v. State, 244 Miss. 543, 144 So.2d 786 (1962); Pettus v. State, 200 Miss. 397, 27 So.2d 536 (1946); Bridges v. State, 197 Miss. 527, 19 So.2d 738 (1944); 20 Am.Jur. Evidence § 160, at 164; § 166 at 170 (1939).